**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**MARGARET ESPOSITO,**

       **Plaintiff,**

v.

                                       **Case No.: 3:08-cv-575-J-16JRK**

**PRUDENTIAL EQUITY GROUP, LLC
formerly known as PRUDENTIAL
SECURITIES INC.,**

       **Defendant.**
_____/

## ORDER

Prudential Equity Group, LLC ("Prudential") asks the Court to dismiss Plaintiff's Complaint as time-barred (Dkt. 9, the "Motion to Dismiss"). Plaintiff opposes the Motion to Dismiss. (Dkt. 12). For the reasons that follow, the Motion to Dismiss (Dkt. 9) will be **GRANTED**.

**I.     Background**

Plaintiff brings her Complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA") for benefits under a long-term disability plan (the "Plan") established and maintained by Plaintiff's employer, Prudential. (Complaint, Ex. A). Under the Plan, a claimant has "up to 3 years from the time proof of claim is required" to institute legal proceedings to recover benefits under the Plan. Plaintiff alleges that she was no longer able to work after May 12, 2003, due to physical disability. Plaintiff applied for benefits under the Plan and was denied initially on August 19, 2003, and on appeal on November 24, 2003, and January 3, 2005, respectively. Following the January 3, 2005, denial, Plaintiff opted not to appeal and instead filed her ERISA claim with this Court on June 6, 2008.

**II.     Standard**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to a plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir. 1994). Furthermore the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10 (c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A Fed. R. Civ. P. 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred. See Omar v. Lindsay, 334 F.3d 1246, 1251 (11th Cir. 2003); see also Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1279 (11th Cir. 2002). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Harrison v. Office of the State Courts Administrator, 2007 WL 1576351 (M.D. Fla. May 20, 2007) (citing to Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

In general, courts disfavor motions to dismiss and only grant such motions in rare circumstances. See Gasper v. La. Stadium and Exposition Dist., 577 F.2d 897, 900 (5th Cir. 1978). Further, a motion to dismiss a complaint must be decided on questions of law and questions of law only. Kest v. Nathanson, 216 So.2d 233, 235 (Fla. 4th Dist. Ct. App. 1968).

**III.     Discussion**

Prudential claims that under the Plan, Plaintiff's Complaint is time-barred as a matter of law and should be dismissed. Specifically, Prudential claims that under the plain language of the Provision, Plaintiff was required to file her suit no later than January 3, 2008, which she failed to do. The Provision reads in full "You can start legal action regarding your claim 60 sixty days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law." (Complaint, Ex. A at p. 20).

The parties do not dispute that the "3 years" allowed under the Plan began to run on January 3, 2005, the date that Prudential issued its final denial of Plaintiff's claim for benefits. For purposes of this opinion only, the Court assumes the parties are correct. Plaintiff's argument against dismissal relies on the Provision's language "unless otherwise provided under federal law." Plaintiff argues that, when determining the proper statute of limitations in an ERISA case, courts have often looked to the appropriate state limitations statutes governing contract actions, which, here, is Florida. Florida allows an action founded on breach of contract to be filed within five years of the date from which the breach occurred. See Fla. Stat. § 95.11. Plaintiff claims that because the Provision includes the language, "unless otherwise provided under federal law," the correct statute of limitations under the Plan is Florida's five-year statute of limitations governing contracts. Plaintiff claims that Prudential maintained its denial of benefits on January 3, 2005. According to Plaintiff's calculations, her June 6, 2008, Complaint is timely because she had until January 3, 2010, to bring suit.

Prudential claims the Plan contains a specific statute of limitations - three years - thus, there is no need to resort to looking to an analogous state law statute of limitations. See Fetterhoff v. Liberty Life Assurance Co., 2008 WL 2435575 at *3 (11th Cir. 2008).

The Court agrees that the Plan contains a specific statute of limitations - three years. Plaintiff agreed to abide by this limitation when she joined the Plan. Thus, her complaint is time-barred and cannot proceed before this Court.

**IV.   Conclusion**

For the reasons set forth above, the Motion to Dismiss (Dkt. 9) is **GRANTED**. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** from Chambers in Jacksonville, Florida on this 20th day of November 2008.

_____
JOHN H. MOORE II
United States District Judge

Copies to:  Counsel of Record